IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY ANNUITY PLAN; DANIEL WILLIAMS, *in his capacity as* Fiduciary of the INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND and INTERNATIONAL PAINTERS AND ALLIED TRADES ANNUITY PLAN; THE FINISHING TRADES INSTITUTE; 7234 Parkway Drive, Hanover, MD 21076 Anne Arundel County;<br><br>          Plaintiffs,<br><br>     v.<br><br>CONLEY PAINTING AND SPECIAL COATINGS, LLC., an Ohio Limited Liability Company; 2430 S. 3rd St, Ironton, OH 45638<br><br>          Defendant. | Civil Action No. |

## COMPLAINT

### Parties

1. Plaintiffs the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and the International Painters and Allied Trades Annuity Plan ("Annuity Plan") are multiemployer benefit funds and employee benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3, 29 U.S.C. § 1002(2), (3), (21), and §1132. The trustees for the Pension Fund and Annuity Plan are fiduciaries within the meaning of 29 U.S.C. §§1102(a) and 1002(16), (21).

2. Plaintiff Finishing Trades Institute ("FTI" and collectively with the Pension

Fund and Annuity Plan, the "IUPAT ERISA Plaintiffs"), is an employee benefit plan within the meaning of 29 U.S.C. §1002(1), (3), and (37).

3. Plaintiff Daniel Williams ("Williams") is a fiduciary of the Pension Fund and Annuity Plan within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions and other amounts due to the IUPAT ERISA Plaintiffs.

4. Defendant Conley Painting and Special Coatings, LLC ("Conley Painting" or "Defendant") is an Ohio limited liability company and an employer under ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). Conley Painting maintains a mailing address and principal office at 2430 S 3rd St, Ironton, OH 45638. Conley Painting is also a registered entity in West Virginia and conducts business throughout the state.

## Related Entities

5. The Political Action Together Fund, which includes the Political Action Together Legislative and Educational Committee and the Political Action Together Political Committee (collectively, the "PAT Fund") is an unincorporated association or fund established pursuant to 52 U.S.C. §30101, *et seq.*, by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

6. The Labor Management Cooperation Initiative ("LMCI" and together with the PAT Fund, the "IUPAT Bargained Entities") is a joint labor and management initiative and are unincorporated organization established under 29 U.S.C. §186(c)(9) for one or more of the purposes set forth in section 5(b) of the Labor Management Cooperation Act of 1978.

7. Williams, in his capacity as an authorized collection fiduciary and agent, brings this action on behalf of the IUPAT ERISA Plaintiffs and the IUPAT Bargained Entities. Williams, the IUPAT ERISA Plaintiffs, and the IUPAT Bargained Entities, are collectively referred herein as the "IUPAT Fund," "Funds" or "Plaintiffs."

## Jurisdiction

8. Jurisdiction in this action arises under ERISA § 502 and 515, 29 U.S.C. § 1132, and 1145, in that the Funds seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA as a result of Defendant's failure to comply with the terms of its collective bargaining and/or other labor agreement(s) entered into with an affiliated local union and/or district council.

9. Jurisdiction exists in this Court by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the Funds seek to enforce the terms and conditions of a valid collective bargaining and/or other labor agreement.

10. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

11. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Funds' discretion, in the district where the plan is administered, where the

breach took place, or where a defendant resides or may be found. The IUPAT Funds are administered in this district with its principal place of business in Hanover, Maryland.

12. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. §185, as this Court has jurisdiction over the parties, as the International Union of Painters and Allied Trades maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Common Facts

### Conley Painting's Collective Bargaining Agreement Obligations

13. At all times relevant to this action, Conley Painting was a party to or agreed to abide by the terms and conditions of collective bargaining and/or other labor agreements ("Bargaining Agreements") with one or more local labor union(s) and/or district council(s) affiliated with the International Union of Painters and Allied Trades (collectively, the "Union"), including but not limited to, District Council 53.

14. Under the terms of the Bargaining Agreements, Conley Painting is bound to the governing documents of the IUPAT ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreements.

15. Pursuant to the terms of the Bargaining Agreements and the Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to regularly pay to the IUPAT ERISA Plaintiffs, IUPAT Bargained Entities, and/or the Union, certain sums of money, the amounts of which are determined by the hours worked or paid by Defendant's employees. Contributions are required to be made on a timely basis and are considered delinquent if

not received timely.

16.  Defendant is also required, pursuant to the Bargaining and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The Bargaining and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Funds and/or their Boards of Trustees from the day contributions become delinquent until paid.

17.  The Bargaining Agreement and/or Trust Agreements further require that the Defendant maintain time records or timecards and submit any and all relevant records to the Funds for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid to the Funds. Should an audit of Defendant's records reveal that the Defendant failed to provide full and prompt payment of all sums due, the Defendant must reimburse the Funds for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the Bargaining Agreements and Trust Agreements.

**Audits and Shortages**

18.  Pursuant to their authority under the Bargaining Agreements and/or Trust Agreements, the IUPAT Funds audited the payroll records of Conley Painting for the period of January 1, 2019 through December 31, 2023. The audit found that Conley Painting failed to report and pay $464,842.16 in contributions during the audit period, resulting in $46,484.22 in liquidated damages, $190,227.21 in interest (calculated as of September 17, 2024), and $14,827.25 in audit costs due to the IUPAT Funds. Interest has and will continue to accrue on the contributions due until paid in full.

19.  To date, Defendant has failed to pay the amounts found due as a result of

the payroll audit by the IUPAT Funds.

20. Defendant has also failed to pay contribution shortages to the IUPAT Funds reported as due for the months of February 2019 through November 2019, August 2020, November 2020, and May 2024, totaling $1,278.90. Liquidated damages of $16.49 and interest of $376.14 through September 25, 2024 have been incurred and are owed to Plaintiffs for these months. Liquidated damages and interest continue to accrue on the unpaid amounts until paid in full.

21. Defendant has also failed to timely pay contribution the IUPAT Funds for the month of October 2022. Liquidated damages of $394.22 and interest of $10.04 have been incurred and are owed to the IUPAT Funds for these months.

22. Under the terms of the Bargaining Agreement and Trust Agreements, Defendant is required to regularly report and pay certain sums of money, the amounts of which are determined by the hours worked by and/or paid to Defendant's employees. This is an ongoing and continuing obligation, therefore additional amounts come due on a monthly basis, including but not limited to contributions, liquidated damages, and interest. Payments may also be made by Defendant. Accordingly the exact and most current amount due from Defendant to the Funds will be ascertained at the time of judgment.

23. The Funds claim and are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, including those found due on timecards, audit, or otherwise, and estimated contributions for any months Defendant failed to report to the Funds, through the time of judgment, including those specified above. The Funds are entitled to estimate contributions for any unreported months pursuant to policies. Plaintiffs reserve the right to conduct an audit or

a further audit to determine whether there are any additional amounts due from Defendant.

## FIRST CAUSE OF ACTION

**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Audit Costs, and Attorneys' Fees and Costs**

**By the Funds against Conley Painting**

24. Plaintiffs re-allege and incorporate each of the foregoing paragraphs as if fully stated herein.

25. As set forth above, the IUPAT Funds audited the payroll records of Conley Painting for the period of January 1, 2019 through December 31, 2023 pursuant to their authority under the Bargaining Agreements and/or Trust Agreements. The audit found that Conley Painting failed to report and pay $464,842.16 in contributions during the audit period, resulting in $46,484.22 in liquidated damages, $190,227.21 in interest (calculated as of September 17, 2024), and $14,827.25 in audit costs due to the IUPAT Funds. Interest has and will continue to accrue on the contributions due until paid in full.

26. To date, and despite repeated demands, Defendant has failed to pay the amounts found due as a result of the payroll audit by the IUPAT Funds.

27. Defendant has also failed to pay contribution shortages to the IUPAT Funds reported as due for the months of February 2019 through November 2019, August 2020, November 2020, and May 2024, totaling $1,278.90. Liquidated damages of $16.49 and interest of $376.14 through September 25, 2024 have been incurred and are owed to Plaintiffs for these months. Liquidated damages and interest continue to accrue on the unpaid amounts until paid in full.

28. Lastly, Defendant has also failed to timely pay contribution the IUPAT Funds

for the month of October 2022. Liquidated damages of $394.22 and interest of $10.04 have been incurred and are owed to the IUPAT Funds for these months.

29. Conley Painting has a contractual duty to timely pay the required contributions to Funds pursuant to the terms of the Bargaining Agreement and Trust Agreements.

30. In addition, Conley Painting has a statutory duty to timely make the required payments to the Funds, including those found due by the Funds' audit, under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

31. By failing to make the required payments or provide the amounts due to the Funds, including as determined by the audit, Conley Painting has breached the terms of the Bargaining Agreement and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

32. Defendant's failure to pay the required contributions plus liquidated damages, and interest thereon, was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement and incorporated Trust Agreements by failing to pay all amounts owed as alleged.

33. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

34. This Court is authorized to issue injunctive relief to the extent required

based on the traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits given Defendants' clear obligations under ERISA, the Bargaining Agreements and Trust Agreements. There is the possibility that the IUPAT Funds and their participants or affiliates will suffer irreparable injuries. The balance of hardships and advancement of public interest favor the Funds.

35.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. The Pension Fund expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA, the Bargaining Agreements, Trust Agreements, other governing or plan documents and the law.

## PRAYER

WHEREFORE, Plaintiffs pray and request for:

1.      A declaration that Conley Painting failed to comply with the Bargaining Agreements and Trust Agreements by failing to report and pay contributions to the Funds, including as found due by payroll audit.

2.      Entry of judgment against Defendant in favor of Plaintiffs for:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant failed to report to the Funds, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

(b)     Liquidated damages on all unpaid and late-paid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to the ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c);

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B); and

   (d) Reasonable attorneys' fees and costs of this action, including any audit fees or costs, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all IUPAT Funds; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

  3. Entry of an order:

   (a) Requiring that Defendant comply with their obligations to the Funds under the Bargaining Agreement and the Trust Agreements;

   (b) Enjoining Defendant from violating the terms of the Bargaining Agreement and the Trust Agreements and ERISA;

   (c) Enjoining Defendant from disposing of any assets until said terms have been complied with;

   (d) That the Court retain jurisdiction of pending compliance with its orders.

//
//
//
//
//
//
//

(e) That the Court to provide other or further relief, legal or equitable, as deemed just, necessary or appropriate.

Date: July 8, 2025                                              TUCKER ARENSBERG, LLP

*/s/ Michele R. Stafford*
Michele R. Stafford, Esquire
MD District Court Bar ID: 30363
mstafford@tuckerlaw.com

1098 Foster City Boulevard, Ste. 106 #700
Foster City, CA 94404
(650) 514 - 6238

TUCKER ARENSBERG P.C.

*/s/ Christopher J. Parker Jr.*
Christopher J. Parker Jr., Esquire
MD District Court Bar No.: 30519
cparker@tuckerlaw.com

1500 One PPG Place
Pittsburgh, Pennsylvania 15222
(412) 566-1212

*Attorneys for Plaintiffs*